James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KOMET BEING, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1.  Plaintiff Komet ("Swan") Being is a transgender Alaska resident who receives medical assistance through Alaska's Medicaid program ("Alaska Medicaid"). Plaintiff, and all other similarly situated transgender beneficiaries of Alaska Medicaid in need of treatment for gender dysphoria, are being denied medically necessary services by the defendant based on a discriminatory regulation (hereinafter "the Regulation")

that categorically denies Medicaid coverage for "treatment, therapy, surgery, or other procedures related to gender reassignment." 7 Alaska Administrative Code (AAC) 105.110(12).

2. Defendant's discriminatory Regulation treats transgender beneficiaries of Alaska Medicaid as second-class citizens and treats their transition-related health care needs as "medically unnecessary." The Regulation is grounded in sex stereotypes, discomfort with gender nonconformity, and moral disapproval of people who are transgender.

3. Not only does the Regulation discriminate on the basis of sex, it also lacks any rational basis. The Regulation flies in the face of the medical consensus that gender-confirming medical care is the only safe and effective medical treatment for gender dysphoria – the clinically significant distress associated with having a gender identity (the innate, internal sense of one's sex, *i.e.*, being male of female) that conflicts with the sex one was assigned at birth – and wholly disregards the harms of denying transgender individuals access to critical and often life-saving care.

4. Plaintiff has been denied Medicaid coverage for medically necessary treatments for gender dysphoria as a result of the defendant's discriminatory Regulation. She brings this action on behalf of herself and all others similarly situated to challenge the Regulation as a violation of her civil rights under Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 ("ACA"); the comparability and availability requirements of the federal Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A)-(B); and the Equal Protection Clause of the U.S. and Alaska Constitutions.

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). This Court also has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. §1367 because they arise from a common nucleus of operative facts.

6. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 1983.

7. Venue is proper under 28 U.S.C. § 1391 because defendant resides and is subject to personal jurisdiction in the District of Alaska; the events or omissions giving rise to plaintiff's claims occurred within the District; and plaintiff and the putative class members all reside in the District.

## PARTIES

8. Plaintiff Komet ("Swan") Being is a natural person who resides in Homer, Alaska. Ms. Being is a transgender woman who has lived in accordance with her female gender identity at all times material to this complaint.

9. Defendant Adam Crum is the Commissioner of the Alaska Department of Health and Social Services ("DHSS"), which is the agency that is responsible for administering Alaska's Medicaid program. Commissioner Crum is sued in his official capacity. Defendant Crum is a "person" subject to liability under 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

### *The Medicaid Program*

10. Congress established the Medicaid program in 1965 as a joint federal-state

endeavor to provide medical assistance to eligible low-income individuals whose resources and income are insufficient to afford necessary medical services.

11. Through Medicaid, the federal government subsidizes a substantial portion of a participating state's expenditures in providing covered medical care.

12. Although state participation in Medicaid is optional, participating states, must comply with the federal requirements of the Medicaid program.

13. The Medicaid Act requires each participating state to designate a single state agency that is responsible for administering or supervising the state's Medicaid program. 42 U.S.C. § 1396a(a)(5).

14. The Medicaid Act requires that participating states cover certain mandatory health care services, including in-patient and out-patient hospital services and physician services, if they are medically necessary. 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a).

15. Under the Medicaid Act, "the medical assistance made available to any individual . . . shall not be less in amount, duration or scope that the medical assistance made available to any other such individual." 42 U.S.C. § 1396a(a)(10)(B)(i).

16. In addition, a state "Medicaid agency may not arbitrarily deny or reduce the amount or scope of a required service . . . to an otherwise eligible recipient solely because of the diagnosis, type of illness, or condition" of the recipient. 42 C.F.R. § 440.230(c).

17. Moreover, state Medicaid programs must provide medical assistance "in a manner consistent with . . . the best interests of the recipients." 42 U.S.C. §

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

1396a(a)(19).

18. During all relevant times, the State of Alaska has participated in the Medicaid program and has received federal funds from the U.S. Department of Health and Human Services ("HHS").

19. DHSS is the "single state agency" that administers Alaska Medicaid.

20. DHSS has promulgated a regulation which categorically denies Medicaid coverage for "treatment, therapy, surgery, or other procedures related to gender reassignment." 7 AAC 105.110(12). Since the Regulation's promulgation, DHSS has categorically denied medically necessary services to transgender individuals seeking transition-related health care, including, but not limited to, gender-confirming surgical procedures and related treatments for gender dysphoria.

### *Gender Identity and Gender Dysphoria*

21. Gender identity is a well-established medical concept, referring to one's innate, internal sense of one's sex – *i.e.*, being male or female – and is a basic part of every person's core identity. Typically, a person's gender identity is consistent with the sex they were assigned at birth. Transgender people, however, have a gender identity that is different from their assigned sex.

22. Transgender men are men who were assigned "female" at birth, but have a male gender identity. Transgender women are women who were assigned "male" at birth, but have a female gender identity.

23. Gender dysphoria is a serious medical condition codified in the Diagnostic and Statistical Manual of Mental Disorders ("DSM-V") and International Classification
Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

of Diseases (ICD-10). Under the DSM-V, gender dysphoria is the clinically significant distress or impairment in social occupational, or other areas of function associated with the incongruence between a transgender person's gender identity and assigned sex.

24. The widely accepted standards of care for treating gender dysphoria are published by the World Professional Association for Transgender Health ("WPATH"). The WPATH Standards of Care have been recognized as the authoritative standards of care by the leading medical organizations, including the American Medical Association, the American Psychological Association, and the American Academy of Pediatrics.

25. Under the WPATH standards, medically necessary treatment for gender dysphoria may require medical steps to affirm one's gender identity and transition from living as one gender to another. This treatment, often referred to as transition-related care, may include hormone therapy, surgery (sometimes called "sex reassignment surgery" or "gender confirmation surgery"), and other medical services that align individuals' bodies with their gender identities. The exact medical treatment varies based on the individualized needs of the person.

26. When a transgender person's gender dysphoria is left untreated, the consequences can be dire. Symptoms can include intense emotional suffering, anxiety and depression, suicidality, and thoughts or acts of self-harm. All of those symptoms can be mitigated, and often prevented altogether, for transgender people with access to appropriate individualized medical care as part of their gender transitions.

27. There is no medical or scientific support for the Regulation, which categorically denies Medicaid coverage for transition-related health care for transgender

people with gender dysphoria. To the contrary, there is a strong consensus among medical and mental health professionals that gender-confirming surgical procedures and hormonal treatments are the only safe and effective medical treatments for the gender dysphoria experienced by many transgender individuals, including plaintiff Komet Being.

28. In June 2008, the American Medical Association ("AMA") passed Resolution 122 recognizing gender dysphoria (then known as Gender Identity Disorder or GID) as a "serious medical condition" which, "if left untreated, can result in clinically significant psychological distress, dysfunction, debilitating depression and, for some people without access to appropriate medical care and treatment, suicidality and death." American Medical Association, Resolution 122, *Removing Financial Barriers to Care for Transgender Patients* (June 16, 2008). The AMA's resolution stated that "experts in GID, including [WPATH], have rejected the myth that such treatments are 'cosmetic' or 'experimental' and have recognized that these treatments can provide safe and effective treatment for a serious health condition." *Id.*

29. In Resolution 122, the AMA opposed categorical exclusions of coverage for treatment of gender dysphoria when prescribed by a physician, noting that "many of these same treatments . . . are often covered for other medical conditions" and that "the denial of these otherwise covered benefits for patients suffering from GID represents discrimination based solely on a patient's gender identity." *Id.*

30. The American Psychiatric Association, the American Psychological Association, and the Endocrine Society have all issued similar resolutions.

31. Applying contemporary standards of care, Medicare, private insurers, and the *vast majority* of state Medicaid programs routinely cover transition-related surgery as medically necessary treatment for gender dysphoria.

### *Facts Concerning Plaintiff Komet Being*

32. Plaintiff Komet ("Swan") Being is a 70-year-old transgender woman who resides in Homer, Alaska. Ms. Being has lived in Homer since 1983.

33. During all relevant times, Ms. Being has been a beneficiary of Alaska Medicaid. Ms. Being relies on Alaska Medicaid for her health care needs.

34. Ms. Being has been medically diagnosed with gender dysphoria. She experiences dysphoria related to the disconnect between her primary and secondary sex characteristics and her gender identity.

35. Ms. Being underwent a gender transition and has been living as a woman for nearly five years. As part of her gender transition, Ms. Being has received medical treatment, including Hormone Replacement Therapy ("HRT"), to alleviate her gender dysphoria by aligning her physical characteristics with her gender identity.

36. Ms. Being's medical and mental health providers have recommended that she continue to receive medical treatment related to her hormone levels to alleviate her ongoing symptoms of gender dysphoria. Unfortunately, Ms. Being cannot obtain these medically necessary services because Alaska Medicaid will not cover them. Consequently, she has suffered, and is continuing to suffer, symptoms of gender dysphoria, severe emotional distress, and physical injury and pain, all of which would be avoidable if she had access to this medically necessary care.

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

37. On or about January 10, 2019, Ms. Being's treating doctor requested prior authorization from Alaska Medicaid for round-trip transportation services between her home in Homer and Anchorage so that Ms. Being could receive hormonal injections and lab work associated with her gender reassignment.

38. On or about January 25, 2019, Conduent State Healthcare, LLC, which has a contract with DHSS to provide authorization review for certain medical services, sent Ms. Being a notice which denied the request for travel authorization for the following reason: "HORMONAL INJECTIONS AND LAB WORK ASSOCIATED WITH GENDER REASSIGNMENT IS NOT A COVERED BENEFIT UNDER ALASKA MEDICAID. MEDICAID DOES NOT TRAVEL FOR NON-COVERED SERVICES." As legal support, the notice cited to the Regulation.

## CLASS ALLEGATIONS

39. Plaintiff brings this action on her own behalf and on behalf of all persons who are similarly situated, under Fed. R. Civ. P. 23(a) and 23(b)(2).

40. The class is defined as follows: All beneficiaries of Alaska Medicaid who have sought in the two years prior to the filing of this complaint, or will seek in the future, Medicaid coverage for "treatment, therapy, surgery, or other procedures related to gender reassignment."

41. All requirements for class certification under Fed. R. Civ. P. 23(a) are met in this case. Specifically:

    a. The class is so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

individuals in the proposed class.

b. There are questions of law or fact common to the class, including whether defendant is violating section 1557 of the ACA; the comparability and availability requirements of the federal Medicaid Act; and/or the Equal Protection Clause of the Fourteenth Amendment by categorically denying Medicaid coverage for "treatment, therapy, surgery, or other procedures related to gender reassignment"

c. The claims of the representative party are typical of those of the class.

d. The representative party will fairly and adequately represent the class. Neither the representative plaintiff nor her counsel have interests which might cause them not to vigorously pursue this action.

42. Certification of a class under Fed. R. Civ. P. 23(b)(2) is appropriate because the defendant at all times has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## STATEMENT OF CLAIMS

### COUNT I

**(Unlawful Discrimination on the Basis of Sex in Violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C § 18116)**

43. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

44. Under Section 1557 of the Affordable Care Act, "an individual shall not . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments)" on the basis of sex. 42 U.S.C. § 18116.

45. By virtue of its acceptance of federal financial assistance from HHS, DHSS is subject to the nondiscrimination requirements of section 1557 of the ACA.

46. The Regulation, on its face and as applied to the plaintiff and the putative class members, violates section 1557's prohibition against discrimination on the basis of sex in a health program or activity receiving federal funding.

47. As a result of defendant's discrimination, committed under color of state law, plaintiff and the putative class members have been and are continuing to be injured as a result of being denied medically necessary care. Plaintiff and the putative class members have suffered damages as a result.

## COUNT II

**(Violation of the Medicaid Act's Availability Requirements, 42 U.S.C § 1396a(a)(10)(A))**

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

48. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

49. The Regulation and defendant's refusal to provide medically necessary services to plaintiff and the putative class members violate the Medicaid Act's availability requirement, 42 U.S.C.§ 1396a(a)(10)(A), which is enforceable via 42 U.S.C. § 1983.

## COUNT III

### (Violation of the Medicaid Act's Comparability Requirements, 42 U.S.C § 1396a(a)(10)(B))

50. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

51. The Regulation and defendant's refusal to provide medically necessary services to plaintiff and the putative class members violate Medicaid's comparability requirement, 42 U.S.C.§ 1396a(a)(10)(B), which is enforceable via 42 U.S.C. § 1983.

## COUNT IV

### (Violation of 42 U.S.C. § 1983 Based on the Deprivation of Plaintiffs' Rights Under the Equal Protection Clause of the Fourteenth Amendment)

52. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

53. The Regulation, on its face and as applied to plaintiff and the putative class members, discriminates against transgender individuals on the basis of sex in violation of the right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

54. Defendant has thereby, under color of state law, deprived plaintiff and the putative class members of the rights, privileges or immunities secured by federal law in violation of 42 U.S.C. § 1983.

## COUNT V

**(Violation of Alaska's Equal Protection Clause, Alaska Const., Art. 1, Sec. 1)**

55. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

56. The Alaska Constitution guarantees that "that all persons are equal and entitled to equal rights, opportunities, and protection under the law. . . ." Alaska Const., Art. I, Sec. 1.

57. Alaska's Equal Protection Clause provides a sliding scale of protection. The more serious a right is, the weightier the burden is on the State to justify the unequal treatment.

58. The Regulation, on its face and as applied to plaintiff and the putative class members, discriminates against transgender individuals on the basis of sex.

59. The right to medical care is a fundamental right, and thus defendant's discriminatory treatment of transgender beneficiaries of Alaska Medicaid requires a strong justification.

60. The Regulation does not withstand scrutiny under Alaska's Equal Protection Clause because it lacks any rational basis. The Regulation flies in the face of the medical consensus that gender-confirming medical care is the only safe and effective medical treatment for gender dysphoria – the clinically significant distress associated

with having a gender identity (the innate, internal sense of one's sex, *i.e.*, being male of female) that conflicts with the sex one was assigned at birth – and wholly disregards the harms of denying transgender individuals access to critical and often life-saving care.

## **REQUEST FOR RELIEF**

WHEREFORE, plaintiff respectfully asks that this Court enter judgment in favor of the plaintiff and the putative class members as follows:

    A.    Assume jurisdiction over this matter;

    B.    Certify this action as a class action under Fed. R. Civ. P. 23(a) and 23(b)(2) with respect to the proposed class identified herein;

    C.    Issue preliminary and permanent injunctions enjoining any further enforcement or application of the Regulation, 7 AAC 105.110(12), and direct defendant to begin providing Medicaid coverage for all medically necessary care, including surgical treatments, hormone treatment therapy, and other required costs associated with such care, necessary for the treatment of gender dysphoria;

    D.    Enter a declaratory judgment that the Regulation, both on its face and as applied to plaintiff and the putative class members:

        i.    Violates section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, by discriminating on the basis of sex (including sex stereotyping, gender identity, being transgender, and undergoing a gender transition);

Northern Justice Project, LLC
A Private Civil Rights Firm
310 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6634 • Fax: (866) 813-8645

ii. Violates the Medicaid act's availability requirement, 42 U.S.C.§ 1396a(a)(10)(A);

iii. Violates the Medicaid act's comparability requirement, 42 U.S.C.§ 1396a(a)(10)(B); and

iv. Violates the Equal Protection Clause of the Fourteenth Amendment by discriminating on the basis of sex; and

v. Violates the Equal Protection Clause of the Alaska Constitution, Alaska Const., Art. 1, Sec. 1, by discriminating on the basis of sex.

E. Award compensatory damages, as permitted under Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, in an amount that would fully compensate the plaintiff for: (1) the harms to her short- and long-term health and well-being, including emotional distress, from being denied access to medically necessary health care as a result of the Regulation; (2) her economic losses; and (3) all other injuries that have been caused by defendant's acts and omissions alleged in this Complaint;

F. Award the plaintiff litigation costs and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 or other applicable statutes; and

G. Grant any such other, further, or different relief as the Court may deem just and proper.

///

///

DATED this 4th day of March, 2019 at Anchorage, Alaska.

> NORTHERN JUSTICE PROJECT, LLC
> Attorneys for Plaintiff
>
> By: /s/ James J. Davis, Jr.
> Goriune Dudukgian, ABA No. 0506051
> James J. Davis, Jr., ABA No. 9412140