Goriune Dudukgian (Alaska Bar No. 0506051)
James J. Davis, Jr. (Alaska Bar No. 9412140)
NORTHERN JUSTICE PROJECT, LLC
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634 | Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Carl S. Charles (admitted pro hac vice)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall St., 19th Floor
New York, NY 10005
Tel: 212-809-5858 | Fax: 212-809-0055
Email: ccharles@lambdalegal.org

Tara L. Borelli (admitted pro hac vice)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree St. NE, Ste. 640
Atlanta, GA 30308
Tel: 470-225-5341 | Fax: 404-897-1884
Email: tborelli@lambdalegal.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| KOMET BEING, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM CRUM, in his official capacity as Commissioner of the Alaska Department of Health and Social Services,<br><br>Defendant. | Case No. 3:19-cv-00060-HRH |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT**

1

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, and Local Rule 15.1, Plaintiff Komet ("Swan") Being respectfully moves the Court for leave to file a First Amended Complaint, a proposed copy of which is attached hereto. Plaintiff has conferred with Defendant, who does not oppose the relief requested in this motion. Plaintiff seeks leave to add two additional plaintiffs, Robin Black and Austin Reed, rather than to require them to file separate actions, in the interests of judicial and party economy. The amendment would also make other minor changes as shown in the proposed filing, such as adding the Alaska Department of Health and Social Services as a defendant for the claim under the Affordable Care Act, which will facilitate the resolution of this case on the merits.

## BACKGROUND

Plaintiff Swan Being, a transgender woman, filed this case as a putative class action lawsuit in March 2019, challenging the State of Alaska's categorical denial of medically necessary gender-confirming care for transgender individuals enrolled in the Alaska Medicaid program. Compl., ECF No. 1. Pursuant to regulation, Alaska Medicaid bars coverage "for treatment, therapy, surgery, or other procedures related to gender reassignment." 7 Alaska Administrative Code (AAC) 105.110(12).

The complaint asserts several claims. First, the State's denial of medically necessary gender-confirming care violates Section 1557 of the Affordable Care Act, which prohibits recipients of federal health care funding from discriminating on the basis of sex. Compl. ¶¶ 43-47; 42 U.S.C. § 18116. Second, the denial also violates the Equal

2

*Being v. Crum,* No. 3:19-cv-00060-HRH
Case 3:19-cv-00060-HRH   Document 22   Filed 12/30/19   Page 2 of 7

Protection Clause of the Fourteenth Amendment to the United States Constitution.[1] Compl. ¶¶ 52-54.  Finally, the denial violates the Medicaid Act's comparability and availability requirements.  Compl. ¶¶ 48-51; 42 U.S.C. § 1396a(a)(10)(B); 42 U.S.C. § 1306a(a)(10)(B).  The complaint presently names as a defendant Adam Crum in his official capacity as Commissioner of the Alaska Department of Health and Social Services.  Compl. ¶ 9.

As detailed in the proposed amended complaint, Austin Reed and Robin Black are two transgender individuals who have also been denied medically necessary gender-affirming care under Alaska Medicaid.  Robin Black was denied coverage for medically necessary hormone replacement therapy to treat her gender dysphoria, the clinically significant distress that can result from the discordance between one's gender identity and birth-assigned sex.  Mr. Reed was denied coverage for a bilateral mastectomy, a chest reconstruction surgery for transgender men that is a widely accepted and effective surgical procedure for gender dysphoria.

This litigation remains in its initial stages.  Plaintiff has not previously sought leave to file an amended complaint, nor has any deadline for amendment of pleadings passed.  Discovery does not close until May 2020.  ECF No. 12 (scheduling and planning order issued June 7, 2019).  There has been no motion practice to date in this case.

---

[1] The original complaint also includes an equal protection claim under the Alaska Constitution, Compl. ¶¶ 55-60, which the amended complaint would omit.  The amended complaint would also confirm that the federal equal protection claim includes discrimination based on transgender status as well as sex. *See Karnoski v. Trump*, 926 F.3d 1180, 1201 (9th Cir. 2019) (confirming that discrimination against transgender people requires heightened scrutiny).

## STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the amendment of pleadings with leave of the court (or with the opposing party's written consent). Fed. R. Civ. P. 15(a)(2). The rule provides that "[t]he court should freely give leave when justice so requires." *Id.* The Ninth Circuit has repeatedly said that the rule should be interpreted with "extreme liberality." *Jackson v. Bank of Hawaii* 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)); *see also, e.g.*, *Valdez v. Leeds*, No. 1:17-cv-00430-LJO-EPG, 2018 WL 432497, at *2 (E.D. Cal. Jan. 16, 2018) (confirming that, where no deadline for amendment of pleadings is specified in a scheduling order, Rule 15's liberal amendment standard continues to apply).

A district court has discretion to deny leave to amend "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice. . . [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Prejudice to the opposing party is by far the most important factor: "absent prejudice . . . there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspseon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). The burden to show prejudice is on the party opposing amendment. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).

## ARGUMENT

Leave to file an amended complaint is warranted here under any standard.

4

Permitting Mr. Reed and Ms. Black to join this litigation, rather than having them file separate actions that would likely then be related and consolidated with this one, is efficient for both the Court and the parties.

All relevant factors weigh in favor of permitting leave to amend. First, there is no conceivable prejudice to the government, because Mr. Reed and Ms. Black merely seek to challenge the same regulation and on the same grounds as Ms. Being. Particularly given that discovery does not close until May 2020, there is no prejudice from the addition of two plaintiffs to this action. Second, there has been no undue delay, bad faith, or dilatory motive. Third, there have been no prior requests for leave to amend the complaint and thus no failed attempts to cure any deficiency. Finally, amendment would not be futile, because Mr. Reed and Ms. Black have at least the same rights as Ms. Being in challenging the exclusion on transition-related care in the Alaska Medicaid program.

The amended complaint would also add the Alaska Department of Health and Social Services ("DHSS") as a defendant to ensure that this litigation is resolved on the merits rather than any technical issue. *See Keith*, 858 F.2d at 475-76 (noting that pleading standards should "'minimize technical obstacles to a determination of the controversy on its merits'"). At present, the complaint names Defendant Crum, in his official capacity as Commissioner of DHSS, for all claims. The proposed amendment would simply add DHSS itself as the defendant for the claim under Section 1557 of the Affordable Care Act, which prohibits sex discrimination in health *programs* receiving federal financial assistance, to ensure that the direct recipient of federal funding is a party. 42 U.S.C. § 18116; 45 C.F.R. § 92.4. There is no risk of prejudice where, as here,

5

*Being v. Crum,* No. 3:19-cv-00060-HRH
Case 3:19-cv-00060-HRH   Document 22   Filed 12/30/19   Page 5 of 7

the proposed additional Defendant is the very same agency overseen by the original Defendant. For all practical purposes, the agency has already received the same notice of the allegations and claims in the original complaint.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests leave to file the attached proposed amended complaint within seven days of when this motion is granted.

Dated: December 30, 2019        Respectfully submitted,

 /s/ Carl S. Charles
Goriune Dudukgian (Alaska Bar No. 0506051)
James J. Davis, Jr. (Alaska Bar No. 9412140)
Tara L. Borelli (admitted pro hac vice)
Carl S. Charles (admitted pro hac vice)

Attorneys for Plaintiff Swan Being

6
*Being v. Crum,* No. 3:19-cv-00060-HRH
Case 3:19-cv-00060-HRH   Document 22   Filed 12/30/19   Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, causing a copy of the foregoing and all attachments to be served on all counsel of record.

By: /s/ Carl S. Charles
Carl S. Charles (admitted pro hac vice)