Goriune Dudukgian (AK Bar No. 0506051)
James J. Davis, Jr. (AK Bar No. 9412140)
NORTHERN JUSTICE PROJECT, LLC
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634 | Fax: (866) 813-8645
Email: gdudukgian@njp-law.com, jdavis@njp-law.com

Carl S. Charles (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall St., 19th Floor
New York, NY 10005
Tel: 212-809-5858 | Fax: 212-809-0055
Email: ccharles@lambdalegal.org

*Attorneys for Plaintiffs*
*Additional Counsel on Next Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KOMET BEING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADAM CRUM, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00060-HRH |

**STIPULATED SETTLEMENT AGREEMENT AND ORDER**

*Additional Counsel for Plaintiffs*

Nora W. Huppert (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
4221 Wilshire Blvd., Ste. 280
Los Angeles, CA 90010
Tel: 213-382-7600 | F: 213-351-6050
nhuppert@lambdalegal.org

Tara L. Borelli (admitted *pro hac vice*)
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
730 Peachtree St. NE, Ste. 640
Atlanta, GA 30308
Tel: 470-225-5341 | Fax: 404-897-1884
tborelli@lambdalegal.org

Danielle M. Ryman
   AK Bar No. 9911071
Sarah L. Schirack
   AK Bar No. 1505075
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501
Tel: 907-279-8561 | Fax: 907-276-3108
dryman@perkinscoie.com
sschirack@perkinscoie.com

1.      On March 4, 2019, Plaintiff Komet ("Swan") Being filed a Class Action Complaint against Defendant Adam Crum, in his official capacity as Commissioner of the Alaska Department of Health and Social Services. On January 8, 2020, Plaintiffs Ms. Being, Robin Black, and Austin Reed (collectively, "Plaintiffs") filed their First Amended Class Action Complaint against Defendant Crum and Defendant Alaska Department of Health and Social Services (collectively, "Defendants"). On August 24, 2020, Plaintiffs filed their Second Amended Class Action Complaint. Plaintiffs sought to enjoin enforcement of 7 Alaska Administrative Code ("AAC") 105.110(12) and 7 AAC 110.405(d)(5), and any other source of law, regulation, policy, or practice that denies treatment for gender dysphoria to Alaska Medicaid recipients (the "Challenged Regulations").

2.      Plaintiffs challenged the Challenged Regulations' categorical denial of

Medicaid coverage for "treatment, therapy, surgery, or other procedures related to gender reassignment," 7 AAC 105.110(12), and for "transsexual surgical procedures or secondary consequences," 7 AAC 110.405(d)(5).

3. Plaintiffs alleged that the Challenged Regulations violate the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by subjecting transgender beneficiaries of Alaska Medicaid to unlawful discrimination on the basis of transgender status and sex; Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, by subjecting transgender beneficiaries of Alaska Medicaid to unlawful discrimination on the basis of sex in a health program or activity receiving federal funding; the Medicaid Act's availability requirements, 42 U.S.C. § 1396a(a)(10)(A); and the Medicaid Act's comparability requirements, 42 U.S.C. § 1396a(a)(10)(B).

4. Plaintiffs sought to enforce their rights under 42 U.S.C. § 1983 by requesting declaratory and injunctive relief against Defendants in the form of an order declaring that the Challenged Regulations are unconstitutional and unlawful and enjoining their enforcement, and sought compensation for their economic and non-economic damages.

5. On February 21, 2020, Defendants issued a Notice of Proposed Rulemaking that would amend the Challenged Regulations so that they would "[a]llow Medicaid coverage for non-surgical services related to gender reassignment" while continuing to exclude coverage for "gender reassignment surgeries, including secondary surgeries" Notice of Proposed Changes on Medicaid Noncovered Services (proposed Feb. 21, 2020) (to be codified at 7 AAC 105.110, 110.405) (hereinafter referred to as "the Notice").

6. To date, Defendants have not finalized the proposed rule change in the

*Being et al., v. Crum et al.,* No. 3:19-cv-00060-HRH

Case 3:19-cv-00060-HRH   Document 51-1   Filed 12/22/20   Page 3 of 8

Notice. Defendants have agreed to eliminate the exclusions in the Challenged Regulations, and to settle the Plaintiffs' monetary claims.

7. Plaintiffs' consent to this Settlement Agreement and Order, and to dismissal of their claims, is conditioned on the elimination of the exclusions of coverage for treatment for gender dysphoria in the Challenged Regulations, and upon payment of the settlement of their monetary claims as contemplated by this Settlement Agreement and Order.

8. The parties have conferred and engaged in arms' length negotiations and have reached an agreement to settle all claims raised in the above-captioned matter pursuant to the terms below, in order to avoid the burden, delays, and costs of litigation. Both parties agree that this settlement is made in the interests of avoiding further litigation and is not an admission of liability.

9. The parties freely consent to entry of the Settlement Agreement and Order and acknowledge that it is a final and binding order dispositive of all claims raised by Plaintiffs against Defendants with respect to the Challenged Regulations.

10. The undersigned representatives of the parties certify that they are authorized to enter and consent to the terms and conditions of the Settlement Agreement and Order and to execute and legally bind the parties to it.

**ACCORDINGLY, THE PARTIES STIPULATE AND MOVE THE COURT TO ORDER AS FOLLOWS:**

11. Defendants Crum and Alaska Department of Health and Social Services shall amend the Notice to eliminate the Challenged Regulations. Specifically, Defendants

will:

  A. Amend the Notice to eliminate the exclusion of coverage "for treatment, therapy, surgery, or other procedures related to gender reassignment" contained in 7 AAC 105.110(12), and to eliminate the exclusion of coverage for "transsexual surgical procedures or secondary consequences" contained 7 AAC 110.405(d)(5);

  B. Adopt the changes proposed in the amended Notice to eliminate any exclusion of coverage for "for treatment, therapy, surgery, or other procedures related to gender reassignment" contained in 7 AAC 105.110(12), and to eliminate any exclusion of coverage for "transsexual surgical procedures or secondary consequences" contained 7 AAC 110.405(d)(5);

  C. File status reports with this Court every sixty days after entry of this Settlement Agreement and Order regarding Defendants' progress with adopting the final regulations eliminating the exclusions of coverage for gender dysphoria, until Defendants can report that the final regulations have been adopted.

  12. Upon filing of this Settlement Agreement and Order, Defendants will cease to enforce and apply the exclusions for coverage of gender dysphoria to any requests submitted by the named Plaintiffs.

  13. Ms. Being, Ms. Black, and Mr. Reed each shall receive $60,000.00 in settlement of their respective economic and non-economic damages. Counsel for Defendants will notify counsel for Plaintiffs at least 30 days before the anticipated date of payment. Within 25 days thereafter, counsel for Plaintiffs shall specify the manner in which the checks shall be made payable. Post-judgment interest shall be paid using the rate

specified in 28 U.S.C. § 1961 from the date this Settlement Agreement and Order is signed by the Court.

14. Plaintiffs agree that they have received good and valuable consideration for complete settlement of their claims. Each plaintiff agrees to sign a release of liability to this effect prior to disbursement of the settlement payment by the State.

15. Plaintiffs' counsel shall receive a total of $75,000 for costs and attorneys' fees accrued in this matter, in the following amounts: The Northern Justice Project, LLC shall receive $25,500.00; Lambda Legal Defense and Education Fund, Inc. shall receive $49,500.00. Post-judgment interest shall be paid using the rate specified in 28 U.S.C. § 1961 from the date this Settlement Agreement and Order is signed by the Court.

16. Defendants agree to submit the stipulated damages settlement and attorneys' fees herein for inclusion in the judgment and claims bill during the legislative session immediately following entry of this order. Plaintiffs reserve their rights to enforce this order if the appropriation is not approved.

17. The duties and obligations of this Settlement Agreement and Order are placed on the Commissioner of the Alaska Department of Health and Social Services in his official capacity and not in his individual capacity. The Settlement Agreement and Order names Commissioner Adam Crum, the Commissioner when this action was commenced. If and when Mr. Crum is no longer Commissioner, the duties and obligations of this Settlement Agreement and Order shall apply to any successor to the position of the Commissioner of the Alaska Department of Health and Social Services.

18. The Settlement Agreement and Order shall become final for all purposes on

entry of an order by this Court. The parties agree to defend the Settlement Agreement and Order against any future challenge to it.

19. If any provision of this Settlement Agreement and Order is later determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

20. The parties will submit a stipulation for dismissal of Plaintiffs' claims within 30 days of adoption of the revised regulations.

21. The Court retains jurisdiction over the parties to enforce, construe, and apply the terms of this Settlement Agreement and Order and decide any dispute that may arise under it. In any dispute to enforce this Settlement Agreement and Order, the parties will be entitled to costs and fees as allowed by applicable federal and/or state law.

Respectfully submitted,

/s/ Carl S. Charles
Goriune Dudukgian (Alaska Bar No. 0506051)
James J. Davis Jr. (Alaska Bar No. 9412140)
Tara L. Borelli (admitted *pro hac vice*)
Carl S. Charles (admitted *pro hac vice*)
Nora W. Huppert (admitted *pro hac vice*)

*Attorneys for Plaintiffs*

/s/ Stacie L. Kraly
Stacie L. Kraly (Alaska Bar No. 9406040)
Chief Assistant Attorney General
Lael Harrison (Alaska Bar No. 0811093)
Senior Assistant Attorney General
Department of Law

*Attorneys for Defendants*

**IT IS SO ORDERED.**

DATED: _____, 2020.

                                                   _____
                                                   The Honorable H. Russel Holland
                                                   United States District Judge